# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL W. GIBBS III, <br><br>　　　　　　Plaintiff, <br>　vs. <br><br>SHARI L. KUGLER, et al., <br><br>　　　　　　Defendants. | CASE NO. 14cv556-LAB (BLM) <br><br> **ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*; AND** <br><br> **ORDER OF DISMISSAL** |

　　　　Plaintiff Samuel W. Gibbs III, proceeding *pro se*, filed his complaint along with a motion to proceed *in forma pauperis* (IFP). The IFP motion, however, is based on inconsistent financial information. It says, for example, that he earns $7,000 to $8,000 year year plus an estimated $21,000 in tips. But it also says his take-home pay is from zero to $100 every two weeks. Assuming the higher rate of pay is correct, his monthly pay is just over $2,400. Out of that, he says he pays $450 per month for housing, $200 per month for utilities, $300 per month for "work + food," $700 per month to repay a loan from his 401(k),[1]

---

[1] The IFP motion gives no details about this loan, its term, or whether the monthly payment can be adjusted. Frequently, for example, loans from funds in a 401(k) plan participant's account can be re-amortized to reduce the payment amount. It's also possible the loan is nearly paid off, so that even if Gibbs owes $700 on it this month, he might shortly owe nothing. It is up to an IFP applicant to state the facts with "particularity, definiteness and certainty." *See United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

$250 per month in child support, and $150 per month for health insurance, plus an unspecified amount of support for his son.[2] He also has $200 cash in a bank account.

The application fails to show that Gibbs cannot pay or give security for the filing fee, and still provide himself and his dependents with the necessities of life. *See Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Instead, it appears he may be able to pay for the necessities of life and still have some money let over with which to pay the filing fee. But the facts are so contradictory that it's also possible he can't, and has simply made an error. The motion is **DENIED WITHOUT PREJUDICE**.

Even if the Court were to grant Gibbs' motion to proceed IFP, it would be required to screen his complaint and to dismiss it, to the extent it failed to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). The Court is also obligated to examine its own jurisdiction, *sua sponte* if necessary, and to dismiss the complaint if jurisdiction is lacking. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (en banc).

The complaint doesn't identify the basis for this Court's exercise of jurisdiction, and therefore violates Fed. R. Civ. P. 8's "short and plain statement" rule. Its factual allegations pertain to a child custody dispute spanning the late 1980s through March of 2001. The Court has no jurisdiction over this, both because it's almost certain any statute of limitations would have passed by now, and also because under the *Rooker-Feldman* doctrine, the Court has no jurisdiction to hear *de facto* appeals of state court judgments. *See  Reusser v. Wachovia Bank, N.A.,* 525 F.3d 855, 858–59 (9th Cir. 2008).

The only other factual allegation is that in February of 2014, Gibbs' "income tax check was sent to San Diego Department of Child Support . . . ." Apparently what Gibbs means is that his income tax refund was garnished, in order to pay child support arrears. If Gibbs believes this was unlawful, he hasn't shown why. Federal law authorizes garnishment of federal tax refunds to pay for past-due child support. *See* 42 U.S.C.A. § 664. If there was

---

[2] It's unclear whether this refers to the $250 Gibbs pays each month for child support, or if he is supporting two sons.

1  anything irregular or illegal about the garnishment, Gibbs hasn't alleged what that was. The
2  fact that he disagrees with the child support order entered over a decade ago can't serve as
3  a basis for relief in this Court, and the Court has no power to vacate or modify that order.
4       The complaint is therefore **DISMISSED WITHOUT PREJUDICE** for failure to state a
5  claim. If Gibbs believes he can amend to cure the defects this order has identified, he may
6  file an amended complaint by the close of business on **March 31, 2014.** Before doing so,
7  he must also either pay the filing fee or file a renewed IFP motion showing that he is entitled
8  to proceed IFP. If he does not do both within the time permitted, this action will be dismissed
9  without leave to amend.

11       **IT IS SO ORDERED**.
12  DATED: March 13, 2014

                       *Larry A. Burns*

                 **HONORABLE LARRY ALAN BURNS**
                 United States District Judge